Opinion issued February 16, 2012.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00811-CV

———————————

James g. bowman, Appellant

V.

mitulkumar
patel, Appellee



 



 

On Appeal from the 127nd District Court 

Harris County, Texas



Trial Court Case No. 08CV21953

 



 

MEMORANDUM OPINION

In a negligence action, a jury found appellant, James G.
Bowman, to have caused a two car accident with appellee, Mitulkumar
Patel. The jury awarded Patel $3,000 for past physical pain, $6,032 for past
medical care, and $5,000 for past mental anguish. In four issues, Bowman
challenges the trial court’s judgment, contending that (1) there was legally
and factually insufficient evidence to support an award for past mental anguish;
(2) the trial court wrongfully excluded evidence of Patel’s work record; (3)
opposing counsel presented an improper jury argument regarding attorney’s fees;
and (4) if no single error warrants a new trial, the cumulative effect of these
errors does. We reverse and render in part and reverse and remand in part. 

BACKGROUND

Patel filed suit in Harris County, Texas alleging that Bowman
was negligent and that his acts were the proximate cause of a car accident
between the two drivers. At trial, Patel testified about the accident and
Bowman’s involvement in the rear-end collision. Bowman also testified,
conceding that he caused the accident.  After
the accident, Patel was taken to Montgomery County Medical Center by EMS, where
he was treated for neck and back pain, and then released later the same day.
Patel was given a prescription and also received treatments from a chiropractor
for his neck and back pain. However, Patel never followed up with a specialist
or any other medical doctor, and never underwent surgery for his injuries. 

     After closing arguments, the jury returned a
verdict in favor of Patel. Bowman then filed a motion for a new trial
concerning, among other things, the award for mental anguish, the exclusion of
evidence of Patel’s work history, and Patel’s closing argument referencing
attorney’s fees. The motion was denied, and this appeal followed. 

SUFFICIENCY OF THE
EVIDENCE

In his first issue, Bowman contends the evidence presented at
trial was legally and/or factually insufficient to show past mental anguish.
Bowman argues Patel offered nothing during his testimony to show mental
anguish, and that the record contains no evidence of past mental pain or
distress.  

Standard of Review

An award of
compensatory damages for mental anguish will survive a legal sufficiency
challenge if the record contains direct evidence of the nature, duration, and
severity of the plaintiff’s mental anguish, thus establishing a substantial
disruption in the plaintiff’s routine. Parkway Co. v.
Woodruff, 901 S.W.2d 434, 444 (Tex. 1995). If claimants fail to
present direct evidence of the nature, duration, and severity of their anguish,
the appellate court conducts a traditional no-evidence review. Id. In
this review, the court determines whether the record contains any evidence of a
high degree of mental pain and distress that is more than mere worry, anxiety,
vexation, embarrassment, or anger. Id. We note, however, that the
absence of evidence of the nature, duration, and severity of mental anguish,
particularly when it can be readily supplied or procured by the plaintiff,
justifies close judicial scrutiny of other evidence offered on this element of
damages. Id.  A plaintiff may
recover for mental anguish after providing evidence of “a mental sensation of
pain resulting from such painful emotions as grief, severe disappointment,
indignation, wounded pride, shame, despair or public humiliation or a combination
of any of these.” Wal–Mart Stores, Inc. v. Odem, 929
S.W.2d 513, 528 (Tex. App.—San Antonio 1996, writ denied). However,
evidence that a plaintiff “was unable to sleep, was depressed, and suffered
from anxiety . . . does not rise to the level of compensable mental anguish as
defined by Texas law.” Lefton v. Griffith, 136 S.W.3d 271, 279 (Tex. App.—San Antonio
2004, no pet.) (citation and quotations
omitted); see also Saenz v. Fid. & Guar. Ins. Underwriters, 925
S.W.2d 607, 614 (Tex. 1996) (explaining that, though plaintiff's concerns were
both “real” and “understandable,” they were not compensable under Texas law).

Evidence of Mental Anguish 

Bowman contends
Patel offered no evidence to support his claim for mental anguish. He claims
Patel presented only evidence of physical suffering, but not of mental or
emotional distress. However, Patel insists his continuous headaches and lack of
concentration, which affected his work, are proof of his mental anguish. 

Here, Patel
presented evidence only to his physical pain, and the record is absent of any
direct evidence to the nature, duration, and severity of his mental anguish.
Patel testified to continuous headaches, in addition to his back and neck
pains. He complained the headaches affected his concentration, and that he
could not work. All of his physical ailments, with the exception of occasional
headaches, had resolved by the time of trial. 
Patel provided no testimony regarding the emotional effects of his
injury. He never saw a psychiatrist or psychologist.

Because the jury
provided separate awards for physical pain and mental anguish, evidence of
Patel’s physical pain is not relevant to an award for mental anguish. See Rice Food Mkts.,
Inc. v. Williams, 47 S.W.3d 734, 739 (Tex. App.—Houston [1st Dist.] 2001,
pet. denied). Patel merely provided a conclusory
statement that he claimed mental anguish, which is not sufficient to recover
damages. See Gunn
Infiniti, Inc. v. O’Byrne, 996 S.W.2d 854, 861 (Tex. 1999); Jackson v. Gutierrez, 77 S.W.3d at 898, 903
(Tex. App.—Houston [14th Dist. 2002, no pet.).  This type of evidence does not display the
high degree of mental pain or distress required to recover damages for mental
anguish. See Tex. Mut.
Ins. Co. v. Ruttinger, 265 S.W.3d 651, 672 (Tex.
App.—Houston [1st Dist.] 2008), rev’d on other grounds,
___S.W.3d.___ (Tex. 2011).  

While the record
was silent on the nature, duration and severity of Patel’s mental anguish, it
did contain evidence showing a lack of mental suffering. Patel’s medical
records, provided in both Bowman’s and Patel’s exhibits, show he displayed
“normal behavior,” “no obvious distress,” and “no evidence of depression,
excessive anxiety, or agitation.”

Because the record
does not contain any evidence showing a high degree of mental pain that is
“more than mere worry, anxiety, vexation, embarrassment, or anger” to support
an award of mental anguish damages, we sustain Bowman’s first issue.  See Parkway
Co., 901 S.W.2d at 444. 

EXCLUSION
OF EMPLOYMENT EVIDENCE

          In Bowman’s
second point of error, he argues the trial court improperly excluded an
Affidavit of No Record[1]
from “Palace Hotel.” Bowman claimed this evidence was needed to contradict
Patel’s testimony and that it directly relates to Patel’s credibility as the
sole witness for his claims. The trial court, however, excluded the evidence of
Patel’s work history because Patel had dropped his claim for lost wages.

 

 

 

Preservation of Error 

Patel argues Bowman
failed to preserve his complaint concerning excluded employment record. Because
this issue goes towards preservation of error, we address it first. 

     An error may not be predicated upon a
ruling which excludes evidence unless a substantial right of the party is
affected, and the substance of the evidence was made known to the trial court
by offer of proof, or it was apparent. TEX.
R. EVID.
103(a)(2). An offer of proof may be in the form of
concise statement by counsel or in
question-and-answer form. See Chance v.
Chance, 911 S.W.2d 40, 51–52 (Tex. App.—Beaumont 1995, writ denied). It is
not required that the offer of proof show what specific facts the examination
would reveal, but the appellant must clearly inform the trial court of the
subject matter about which it wants to examine the witness. Fletcher v. Minn. Mining & Mfg. Co.,
57 S.W.3d 602, 610-11 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).


Here, Bowman
offered proof to the court through a concise statement concerning the
employment records around the time of the accident. Bowman was not requested,
nor required to provide proof through a question-and-answer form. See TEX.
R. EVID.
103(b). Bowman provided a summary of the substance of
the affidavit excluded, and furthermore submitted the exhibit to be reviewed by
this Court. Bowman successfully described the subject matter desired from the
witness—his employment history—and thus error was preserved. See Fletcher, 57 S.W.3d at 610–11. 

Harm

Patel, however,
argues that error, if any, in excluding the evidence was harmless.  We agree. 
To obtain reversal of a judgment based upon error of the trial court in
the exclusion of evidence, the following must be shown: “(1) that the trial
court did in fact commit error; and (2) that the error was reasonably
calculated to cause and probably did cause rendition of an improper judgment.” Gee v. Liberty Mut.
Fire Ins. Co., 765 S.W.2d
394, 396 (Tex. 1989). It is not necessary for the complaining
party to show “but for” the exclusion of evidence a different judgment would
have resulted, instead it is only required that the exclusion probably resulted
in an improper judgment. McCraw v. Maris, 828 S.W.2d 756, 758 (Tex.
1992). An error in the exclusion of evidence requires reversal if it is both
controlling on a material issue and not cumulative. Mentis v. Barnard, 870 S.W.2d 14, 16
(Tex. 1994). Thus, we review the entire record to determine whether the
evidence excluded was controlling to the judgment. Gee, 765 S.W.2d at 396.

Here,
the affidavit of no record, if relevant, went to the issue of mental
anguish.  See Parkway Co., 901 S.W.2d at 444 (stating that to
show mental anguish a plaintiff must show, among other things, “a substantial
disruption in [his] daily routine”).  The
lack of employment would go to the issue of whether Patel’s daily routine was
disrupted by the accident.  However, this
Court has held that no mental anguish was proved as a matter of law.  Thus, Patel’s damages for mental anguish are
not a material issue in this case.  Thus,
error, if any, in not allowing Bowman to impeach Patel with the affidavit
regarding his employment, is harmless.  See Gulf Liquids New River Project, LLC v. Gulsby Eng’g, Inc., No. 01-08-00311-CV, 2011 WL 662672, *20 (Tex.
App.—Houston [1st Dist.] Feb. 7, 2011, no pet. h.)
(holding erroneous exclusion of evidence harmless when appellate court affirmed
disregarding jury findings to which excluded evidence would have been
relevant.).

          Therefore,
we overrule Bowman’s second issue.

ATTORNEY’S
FEES

In his third issue,
Bowman argues that Patel improperly referenced attorney’s fees during his
closing argument. Bowman claims this argument was incurable and warrants a new
trial. 

During
closing arguments, Patel’s counsel argued regarding the appropriate amount of
damages he felt would be appropriate.  In
doing so, counsel stated, “And believe it or not, the lawyer is actually going
to get something, ladies and gentlemen.” 
This argument violated a motion in limine,
which restricted any reference to attorney’s fees.  After counsel made the argument, the trial
court interjected, an off-the record bench conference was held, and counsel
never returned to the issue of attorney’s fees. 
Bowman never objected to the argument. 

     In
general, a complaint concerning an improper jury argument is preserved through
a timely objection and a ruling by the trial court. TEX. R. APP.
P. 33.1(a). However, a complaint of an incurable argument may be
asserted and preserved in a motion for a new trial, even without a complaint
and ruling during trial. Phillips
v. Bramlett, 288 S.W.3d 876, 883 (Tex. 2009).
These instances are rare, and to prevail a party must show that the argument
“by its nature, degree, and extent constituted such an error that an
instruction from the court or retraction of the argument could not remove its
effects.” Living Ctrs.
of Tex., Inc. v. Penalver, 256 S.W.3d 678, 680-81
(Tex. 2008). The complaining party must show the argument was so extreme that a
“juror of ordinary intelligence could have been persuaded by that argument to
agree to a verdict contrary to that which he would have agreed but for such
argument.” Austin v.
Weems, 337 S.W.3d 415, 428 (Tex. App.—Houston [1st Dist.] 2011, no pet.)
(quoting Phillips,
288 S.W.3d at 883). 

Bowman
failed to timely object and seek a ruling from the
trial court, and thus did not properly preserve the complaint. In addition, the
jury argument concerning attorney’s fees by its “nature, degree, and extent”
was not incurable by a retraction of the statement or instructions from the
court. See Penalver,
256 S.W.3d at 680-81. The jury charge instructed the
jurors to disregard the issue of attorney’s fees. Thus, we concluded that the
statement was not so extreme as to cause “a juror of ordinary intelligence” to
be persuaded to find a verdict contrary to what he or she would have reached
before the argument. See Austin, 337 S.W.3d at 428.

Therefore, we
overrule Bowman’s third point of error. 

CUMULATIVE ERROR

          In his fourth issue, Bowman argues
that he is entitled to a new trial because of the cumulative effect of the
numerous errors by the trial court.  It
is true that “[a] reviewing court may reverse a lower-court judgment under the
cumulative-error doctrine when the record shows a number of instances of error,
“‘no one instance being sufficient to call for reversal, yet all the instances
taken together may do so.’”  Univ. of Tex. at Austin v. Hinton, 822
S.W.2d 197, 205 (Tex. App.—Austin 1991, no writ) (quoting Sproles Motor Freight Lines, Inc. v. Long,
168 S.W.2d 642, 645 (Tex. 1943)).  However,
to show cumulative error, an appellant must
shows that, based on the record as a whole, but for the alleged errors, the
jury would have rendered a verdict favorable to it. See
Town E. Ford Sales, Inc. v. Gray, 730 S.W.2d 796, 810 (Tex. App.—Dallas 1987,
no writ).

     In this case, we have found one instance of
reversible error relating to Patel’s mental anguish claim, upon which we
reverse and render a take nothing judgment. 
Bowman does not show how the record as a whole show that the remaining
alleged errors would have caused the jury to render a verdict in his favor.

     We overrule point of error four.

CONCLUSION

We reverse the
judgment awarding damages for past mental anguish and render judgment that
Patel take nothing on that claim.  We affirm
the remaining portions of the judgment.

 

 

                                                                    

Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice Radack and Justices
Higley and Brown.

 











[1]
          In response to a discovery
request from Bowman regarding Patel’s employment, the Palace Hotel provided an
affidavit, which stated in part:

 

            “Patel
is a friend and had some family issues so I was helping him and his wife
provide accommodation and if he help me to work motel
desk clerk duty for which I paid $1800.00 in cash from Feb 06 to Sept 06.”