**Opinion issued September 3, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00368-CV

_____

**BANK OF AMERICA, N.A., Appellant**

**V.**

**EDWARD CHIMERE OCHUWA, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1106370**

---

## MEMORANDUM OPINION

Appellant, Bank of America, N.A., sued appellee, Edward Chimere Ochuwa, to recover on an unpaid credit card account. Bank of America appeals the trial court's take-nothing judgment entered against it during a bench trial. In two issues, Bank of America argues that (1) the trial court denied it due process by prematurely

pronouncing judgment against it and (2) the trial court abused its discretion in excluding its business records affidavit.

We affirm.

## Background

Bank of America brought a suit against Ochuwa for account stated, alleging that Ochuwa opened a credit card account with Bank of America's predecessor in interest, FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. ("FIA"), but failed to make the required payments on the account. Bank of America filed a Notice of Filing of Business Records Affidavit on January 11, 2019. The business records affidavit was executed by Jessica O'Dell, who identified herself as the custodian of records for Bank of America and attached a number of credit card statements sent to Ochuwa, the most recent of which was dated January 2016, showing a balance of $15,383.81.

The case proceeded to a bench trial on February 11, 2019. In its opening statement, Bank of America argued that "by evidence of [its] business records affidavit . . . the evidence shows that the account statements were sent to the debtor, charges and payments were made on the account, fees and interest were charged on the account, and there is no evidence that the debtor ever disputed the fees or charges reflected on the account statements." Bank of America then moved to admit the

business records affidavit, which it argued would show that Ochuwa owed $15,383.81 to Bank of America.

Ochuwa objected to the admission of the business records affidavit and attached records, arguing that the affidavit did not meet the authentication requirements for the admissibility of third-party documents, set forth in Texas Rules of Evidence 803(6) and 902(10) and by this court in *Bell v. State*, 176 S.W.3d 90, 92–93 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd), because the statements were third-party documents from FIA and the affiant failed to state that the third-party documents were incorporated into Bank of America's own records and regularly relied upon in Bank of America's business. In response, Bank of America argued that this was a standard business records affidavit and that it complied with Rule 902(10) because it explicitly stated that FIA was merged into and under the charter and title of Bank of America effective October 1, 2014. After lengthy argument on the admissibility of the business records, but without an express ruling on the admissibility of the records, the trial court announced judgment for Ochuwa. Bank of America did not make an offer of proof of the business records, or of any other evidence it intended to present at trial.

Bank of America did, however, file a motion for new trial, arguing that the business records affidavit was admissible under Rules 803(6) and 902(10) and, thus, it was entitled to a new trial. Bank of America attached the excluded business records

affidavit to the motion for new trial but did not attach the business records themselves. The trial court denied the motion for new trial. This appeal followed.

## Due Process

In its first issue, Bank of America argues that the trial court denied its right to due process by rendering judgment against it before ruling on the admissibility of its business records affidavit and before the close of its case. In support of this argument, Bank of America cites to this court's decision in *Smith v. Bitner*, No. 01-18-00168-CV, 2019 WL 2932842, at *3–4 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.), wherein we held that the same trial court deprived the defendant there of due process by rendering judgment against him before the plaintiff had rested and before the defendant was able to present any evidence or legal argument in his defense.

### A.     Applicable Law

The Texas Constitution guarantees due process rights by providing that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19; *see Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001). The Texas Supreme Court has recognized that this due course of law provision "at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Perry*, 67 S.W.3d at 92. The supreme

court has further recognized that, "under certain circumstances, the right to be heard assures a full hearing before a court having jurisdiction over the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based upon that evidence." *Id.* The right to due process "also includes an opportunity to cross-examine witnesses, to produce witnesses, and to be heard on questions of law" and "*the right to have judgment rendered only after trial*." *Id.* (emphasis added).

Along the same lines, many courts have held that it is usually reversible error to direct a verdict before the opposing party has presented all of its evidence and has rested. *See, e.g.*, *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 82 (Tex. 2003); *Donald v. Rhone*, 489 S.W.3d 584, 588 (Tex. App.—Texarkana 2016, no pet.); *Stearns v. Martens*, 476 S.W.3d 541, 546 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *State Office of Risk Mgmt. v. Martinez*, 300 S.W.3d 9, 11 (Tex. App.—San Antonio 2009, pet. denied); *Nassar v. Hughes*, 882 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied). However, in at least one instance, the Texas Supreme Court has held, though "irregular," the granting of a directed verdict in favor of defendant during the plaintiffs' first witness's testimony was harmless error because, in that case, even if the plaintiffs had fully proven their claims, they would not have been able to recover since the plaintiffs affirmatively limited their claims

to damages they could not recover as a matter of law. *See Tana Oil*, 104 S.W.3d at 82.

Before a reviewing court may reverse a judgment based on an error of law, it "must find that the error amounted to such a denial of the appellant's rights as was reasonably calculated to cause and probably did cause 'the rendition of an improper judgment,' or that the error 'probably prevented the appellant from properly presenting the case [on appeal].'" *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (quoting TEX. R. APP. P. 44.1(a)). This court has recognized on numerous occasions that this harmless error analysis applies to all errors, including errors related to directed verdicts. *See, e.g.*, *Nguyen v. Watts*, No. 01-18-00421-CV, 2020 WL 2786841, at \*22 (Tex. App.—Houston [1st Dist.] May 28, 2020, no pet. h.) (citing *Tana Oil* and explaining that "[t]he harmless error rule applies to all errors, including erroneously granting summary judgment or otherwise erroneously disposing of a claim"); *Harris v. Hous. Methodist Hosp.*, No. 01-17-00544-CV, 2018 WL 3233329, at \*4 (Tex. App.—Houston [1st Dist.] July 3, 2018, pet. denied) (mem. op.) (same); *see also Smith*, 2019 WL 2932842, at \*4 (considering whether premature directed verdict was reversible error under Texas Rule of Appellate Procedure 44.1(a), which provides that error is reversible if it "probably prevented the appellant from properly presenting the case to the court of appeals"). For example, in *Smith*, we found that Smith was harmed by the trial court's premature

ruling because, as demonstrated by his offer of proof, he was prevented from putting on evidence related the extent and nature of the work performed by the plaintiff, which was directly relevant to whether the plaintiff could establish the performance and damages elements of his breach-of-contract claim. 2019 WL 2932842, at *4.

## B. Analysis

Here, Bank of America argues that it was harmed by the trial court's premature ruling on the merits of the case because "it was entitled to, but did not receive[,] a ruling on the admissibility of its business records affidavit." Because Bank of America provides no further explanation, it is not entirely clear how it was harmed by the failure to obtain an express ruling. To the extent that Bank of America argues that it was unable to preserve error with respect to the exclusion of this evidence, we disagree.

Though a party must obtain a ruling from the trial court on the admissibility of evidence in order to preserve a complaint for appeal, that ruling may be either express or implied. *See* TEX. R. APP. P. 33.1(a) (to preserve complaint for appellate review, record must show that complaint was made to trial court by timely request, objection, or motion and that trial court "ruled on that request, objection, or motion, either expressly or implicitly"); *see also Richmond Condominiums v. Skipworth Comm. Plumbing, Inc.*, 245 S.W.3d 646, 665 (Tex. App.—Fort Worth 2008, pet. denied). Here, it is clear from the context of the parties' and the court's lengthy

7

discussion at trial regarding admissibility that, by rendering judgment in favor of Ochuwa, the trial court implicitly ruled that Bank of America's business records were inadmissible.[1]

Furthermore, unlike the defendant in *Smith*, who tendered documents, invoices, and photographs to the trial court in an offer of proof, as well as a summary of witnesses' testimony that the defendant would have presented had the trial court not prematurely granted a directed verdict, Bank of America has failed to point to any evidence, documents, or witness testimony (other than the business records) that it intended to offer but was prevented from so doing because of the trial court's premature judgment. Bank of America did not make an informal offer of proof[2] of any such evidence following the rendition of judgment in Ochuwa's favor, nor did it file a formal bill of exception. And, although Bank of America filed a motion for new trial, it did not argue in that motion that the trial court's premature rendition of judgment prevented it from presenting additional evidence to support its claim against Ochuwa. Likewise, on appeal, Bank of America does not point to any

---

[1]    Additionally, at the motion for new trial hearing, Bank of America argued that the trial court erred in relying on Ochuwa's argument that the business records affidavit was defective under Rule 902(10) and that the trial court was "blind-sided by opposing counsel who said that for some reason our business records affidavit was defective."

[2]    An offer of proof allows the reviewing court to assess whether excluding the evidence was erroneous and, if so, whether the error was harmful. *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 608 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)

evidence, apart from the business records affidavit and attached documents which were excluded, that it was unable to present due to the premature judgment.

"It is the complaining party's burden to show harm on appeal." *Nguyen*, 2020 WL 2786841, at \*22; *Harris*, 2018 WL 3233329, at \*4. Although we agree that the trial court's rendition of judgment against Bank of America before Bank of America formally rested was irregular, because Bank of America has failed to show how it was harmed by this ruling we cannot say under the circumstances that this constituted reversible error. Under these circumstances, we therefore hold that the trial court did not deny Bank of America due process by rendering judgment against it before the close of its case.

We overrule Bank of America's first issue.

### Exclusion of Business Records Affidavit

In its second issue, Bank of America argues that, if the trial court's premature judgment equated to an implicit ruling on the admissibility of the business records affidavit, the trial court abused its discretion by excluding the business records affidavit because it was admissible under Rules 803(6) and 902(10). In response, Ochuwa argues that Bank of America failed to preserve this argument because it did not make an offer of proof or file a bill of exception. We agree with Ochuwa.

Evidentiary decisions are committed to the trial court's sound discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). To show that the trial

9

court abused its discretion in excluding evidence, as noted above, a complaining party must first establish that evidence affecting the party's substantial rights was excluded, i.e., that the party offered the evidence and obtained an adverse ruling, thus preserving error. TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *see also Ulogo v. Villanueva*, 177 S.W.3d 496, 501–02 (Tex. App.—Houston [1st Dist.] 2005, no pet.). If, as here, the evidentiary ruling excludes evidence, preservation of error also requires presenting an offer of proof to the trial court. TEX. R. EVID. 103(a); *Ulogo*, 177 S.W.3d at 502.

"The offer of proof serves primarily to enable the reviewing court to assess whether excluding the evidence was erroneous and, if so, whether the error was harmful." *Fletcher*, 57 S.W.3d at 608. While the reviewing court may sometimes be able to discern from the record the general nature of the evidence and the propriety of the trial court's ruling, it cannot, without an offer of proof, determine whether exclusion of the evidence was harmful. *Akukoro v. Akukoro*, No. 01-12-01072-CV, 2013 WL 6729661, at *6 (Tex. App.—Houston [1st Dist.] Dec. 19, 2013, no pet.) (mem. op.). "Texas recognizes two types of offers to preserve error: the offer of proof (formerly referred to as an informal bill of exception) and the formal bill of exception." *Fletcher*, 57 S.W.3d at 606. If the party fails to make an offer of proof, it must introduce the excluded evidence into the record by a formal bill of exception. *Akukoro*, 2013 WL 6729661, at *6. Failure to demonstrate the substance of the

excluded evidence through an offer of proof or bill of exception results in waiver of any error in its exclusion. *Id.*

Here, Bank of America did not make an offer of proof of the business records affidavit and related records to the trial court. Nor did Bank of America file a formal bill of exception. Without an offer of proof, we are unable to determine whether the exclusion of this evidence was harmful. *Akukoro*, 2013 WL 6729661, at *6. Because Bank of America failed to make an offer of proof or file a bill of exception, we hold that it has failed to preserve this argument for appeal.[3]

We overrule Bank of America's second issue.

## Conclusion

We affirm the trial court's judgment.

---

[3]     We note that Bank of America did file a motion for new trial, to which it attached the business records affidavit. However, "[w]hile a motion for new trial may preserve some errors, standing alone, it cannot preserve error related to the admission or exclusion of evidence." *Jacob v. Jacob*, No. 01-16-00835-CV, 2018 WL 2141976, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2018, no pet.) (mem. op.); *Mandeville v. Mandeville*, No. 01-15-00119-CV, 2015 WL 7455436, at *5 (Tex. App.—Houston [1st Dist.] Nov. 24, 2015, no pet.) (mem. op.) (same). A motion for new trial is not presented during trial, as required for an offer of proof, nor does it satisfy the requirements of a formal bill of exception. *Jacob*, 2018 WL 2141976, at *2; TEX. R. APP. P. 33.2(c) (establishing procedure for filing bill of exception); TEX. R. EVID. 103(c) (requiring offer of proof to be presented at trial). Moreover, Bank of America failed to attach the actual business records it sought to introduce to the motion for new trial, instead attaching only the business records affidavit.

11

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Hightower and Countiss.