

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00081-CV

_____

KENNETH DALE STEPHENS, Appellant

V.

BARBARA LYNN STEPHENS, Appellee

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-609437-16

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

## I. Introduction and Background

In December 2016, Appellee Barbara Lynn Stephens sued Appellant Kenneth Dale Stephens for divorce.[1]  Kenneth filed a counterpetition for divorce.

In July 2021, as a sanction for Kenneth's failure to respond to discovery, the trial court struck Kenneth's pleadings.  A few months later, in November 2021, the case went to trial.

At trial, the case proceeded as if Kenneth had filed a general denial but had not requested any affirmative relief.[2]  Kenneth, who represented himself pro se, was allowed to cross-examine Barbara's witnesses.  He was also allowed to call his own witnesses.  There were instances, however, when Kenneth was precluded from eliciting certain testimony for want of supporting pleadings.[3]

The trial court signed a final judgment in January 2023.  In the final decree, the trial court appointed Barbara as sole managing conservator and Kenneth as

---

[1]Because the parties share the same last name, we will refer to them by their first names.

[2]In his brief, Kenneth states that he "was prevented from requesting any relief[] and was limited to rebuttal evidence only."

[3]In his brief, Kenneth identifies ten instances when the trial court sustained objections based on the absence of supporting pleadings.  In Barbara's response brief, she asserts that there were only four instances when the trial court prohibited Kenneth from admitting evidence based on the absence of any pleadings.

possessory conservator of their three children, ordered Kenneth to pay child support to Barbara, and divided the marital estate.

On appeal, Kenneth does not complain about the January 2023 divorce decree. Rather, Kenneth complains about the sanction order entered in July 2021 that struck his pleadings. Kenneth raises three issues: (1) whether there is legally and factually sufficient evidence to support the July 2021 order, (2) whether the trial court abused its discretion by awarding sanctions "without any of the requisite findings or considerations," and (3) whether the trial court violated his due process rights by striking his pleadings. The crux of each of Kenneth's issues is that the July 2021 sanction order precluded him from presenting evidence at the trial in November 2021. Because Kenneth has not shown harm, we overrule his three issues.

## II. Discussion

In Barbara's response brief, she asserts that Kenneth did not preserve his issues because he first complained about the July 2021 sanctions order in his motion for new trial and because he failed to make any offers of proof. In Kenneth's reply brief, he asserts that for the issues he raised—essentially, the propriety of death-penalty sanctions—objections and offers of proof were not required.

While it may be true that in mandamus proceedings, offers of proof are not required, *see, e.g., TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding); *In re Bledsoe*, 41 S.W.3d 807, 815 (Tex. App.—Fort Worth 2001, orig. proceeding), Kenneth is not before us on a petition for writ of mandamus.

3

Mandamus is designed to prevent the parties from unnecessarily going through the time and expense of a trial that would contain reversible error. *See In re Green*, 385 S.W.3d 665, 671 (Tex. App.—San Antonio 2012, orig. proceeding) (op. on reh'g); *In re Lewis*, 357 S.W.3d 396, 403 (Tex. App.—Fort Worth 2011, orig. proceeding). But Kenneth went through the time and expense of a trial. He thus shouldered the burden of providing a sufficient record showing that the alleged error is reversible. *See Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex. 1990); *Scott v. Galusha*, 890 S.W.2d 945, 949 (Tex. App.—Fort Worth 1994, writ denied) ("While [the appellant] presents a compelling argument for access to the [peer-review] file, he failed to request that the . . . file be carried forward under seal with the appellate record. Therefore, he failed to present a sufficient record to this court for review of the trial court's ruling.").

Additionally, Kenneth's appeal does not involve a case in which the trial court struck his pleadings and effectively entered a no-answer default judgment without any supporting evidence. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 179–80 (Tex. 1993); *see also Rouhana v. Ramirez*, 556 S.W.3d 472, 476–77 (Tex. App.—El Paso 2018, no pet.) (stating that in a no-answer default, the non-answering party is deemed to have admitted all the facts properly pleaded in the petition, whereas in a post-answer default, the plaintiff must offer evidence and prove its case as in a trial for any contested issue). Rather, Kenneth brings his complaints to us after a bench trial at which the trial court heard evidence and at which Kenneth was allowed to cross-

examine witnesses and present his own witnesses. He had the opportunity to make offers of proof or bills of exception on his stricken counterclaims.

If evidence is excluded at a bench trial, to preserve error, the party must make an offer of proof, *see* Tex. R. Evid. 103(a)(2), or a bill of exception, *see* Tex. R. App. P. 33.2. "To preserve error adequately and effectively, an offer of proof must show the nature of the evidence specifically enough so that the reviewing court can determine its admissibility." *Coleman v. Coleman*, 170 S.W.3d 231, 239 (Tex. App.—Dallas 2005, pet. denied). "The offer of proof serves primarily to enable the reviewing court to assess whether excluding the evidence was erroneous and, if so, whether the error was harmful." *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 608 (Tex. App.— Houston [1st Dist.] 2001, pet. denied). An offer of proof allows the trial court to reconsider its ruling in light of the proffered evidence. *Id.* Offers of proof must be made before the charge is read to the jury so that the trial court is in a position to cure any error in excluding the proof. *Id.*

Kenneth effectively argues that the trial court's prohibiting him from presenting evidence was per se harmful error. But that is not true. In an appeal, an appellate court cannot decide whether evidence was improperly excluded unless the evidence is included in the record for review, and the only way the excluded evidence will be included in the record is if the complaining party made an offer of proof or a bill of exception. *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494 (Tex. App.—Fort Worth 1999, pet. denied). If a party has its pleadings stricken and

5

later goes to trial, to the extent the party was precluded from introducing evidence at trial, the party must make an offer of proof. *See Garza v. Voltran Duty Free, Ltd.*, No. 04-19-00447-CV, 2021 WL 2445623, at *3–4 (Tex. App.—San Antonio June 16, 2021, no pet.) (mem. op.).

Without an offer of proof or bill of exception, even if we were to conclude that the trial court improperly excluded evidence based on its July 2021 sanction order, we would have no means of determining whether the January 2023 judgment contained reversible harm. *See, e.g., Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 306–07 (Tex. App.—San Antonio 2023, no pet.) (stating that excluded evidence likely made no difference in the judgment); *Tex. Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 751 (Tex. App.—Dallas 2022, pet. denied) (stating that appellate courts uphold a trial court's evidentiary rulings if they are correct under any legal theory); *Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 440 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("The exclusion of merely cumulative evidence cannot constitute harmful error.").

Kenneth has not provided a sufficient record showing that the trial court's evidentiary rulings harmed him. He has not carried his appellate burden.[4] *See* Tex. R.

---

[4]In Kenneth's brief, he asserts that two of the trial court's findings of fact are erroneous. Specifically, he attacks the findings that the trial court (1) did not enforce its July 2021 sanction order and (2) allowed him to admit evidence on his pleadings over Barbara's objections. To the extent that the trial court proceeded as if Kenneth had a general denial on file, the findings are correct, but to the extent that the findings suggest that the trial court proceeded as if his counterclaims were still on file, those

6

App. P. 44.1(a)(1); *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003); *Mira Mar Dev. Corp. v. City of Coppell, Tex.*, 421 S.W.3d 74, 84 (Tex. App.—Dallas 2013, no pet.). We overrule all three issues.

### III. Conclusion

Having overruled Kenneth's three issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: September 19, 2024

---

findings would be incorrect. Kenneth filed objections to the trial court's findings and requested additional or amended findings. In Kenneth's requested amended findings, he deleted the two disputed findings. Ultimately, the trial court did not make the requested amendments. Because we have proceeded with the understanding that the trial court enforced its sanctions order to the extent it encompassed Kenneth's counterclaims, any harm in the trial court's failure to clarify the disputed findings is harmless.

7