HARRIS COUNTY, Texas, Appellant,

v.

INTER NOS, LTD., Appellee.

No. 01–04–00736–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 4, 2006.

Bruce S. Powers, Assistant County Attorney, Houston, TX, for Appellant.

Charles Black McFarland, H. Dixon Montague, Vinson & Elkins, L.L.P., Houston, Robbilee Brownhill Hull, Austin, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Harris County, Texas ("the County"), challenges the trial court's judgment in favor of appellee, Inter Nos, Ltd. In two issues, the County contends that the trial court abused its discretion by (1) excluding, from the jury's consideration, evidence that Union Pacific Railroad Company had not abandoned a railroad easement on property condemned by the County and (2) preventing the cross-examination of Inter Nos's expert witness re-

garding whether the railroad easement had been abandoned. We affirm the judgment of the trial court.

## Factual Background

The County filed a statutory condemnation suit to take a portion of a tract of land, owned by Inter Nos, for the construction of the Westpark Toll Road. The taking was effectuated, and the sole issue to be tried to the jury was damages—the calculation of the market value of the property on the date of the taking.

Before the taking, the northern part of the condemned property was encumbered by a 100–foot–wide common carrier, freight rail easement owned by Southern Pacific Railroad. Southern Pacific later merged into Union Pacific. Union Pacific subsequently filed an application with the Surface Transportation Board[1] ("STB") seeking authority to abandon its easement on Inter Nos's property. The STB granted Union Pacific's application and, in its decision, imposed certain conditions governing the abandonment of the easement. One of the conditions concerned potential future negotiations between Union Pacific and the Metropolitan Transit Authority ("Metro") for a use agreement regarding the easement. The STB decision provided that Union Pacific could fully abandon the easement if no use agreement with Metro was reached by May 7, 2001—the 180th day after STB's decision. Although no use agreement was ever reached between Metro and Union Pacific regarding the easement, it is undisputed that the County condemned the property before the expiration of the 180–day negotiation period.

Before trial, Inter Nos served the County with requests for disclosure under Rule 194.2 of the Texas Rules of Civil Procedure. TEX.R. CIV. P. 194.2. In one of these requests, Inter Nos specifically asked the County to disclose the amount *and its method of calculating damages in this case. See* TEX.R. CIV. P. 194.2(d). In its response, the County referred Inter Nos to its appraiser's expert reports for this information, stating, in pertinent part, that the "[f]air market value of property condemned is determined by appraiser's opinions and appraisal reports." In responses to Inter Nos's request for disclosure under rule 194.2(f)(2) and (3), the County identified Gerald Teel as the County's testifying appraisal expert and stated that a report setting forth the basis for his opinions as to value would be forthcoming.[2]

The County filed two sets of supplemental discovery responses with reports by Gerald Teel, regarding the value of the property on the date that it was condemned. In both reports, Teel states that the County's calculation of damages in this action was based on the assumption that the railroad easement *had been* abandoned

---

1. The STB (successor to the Interstate Commerce Commission) is the federal agency with exclusive jurisdiction over transportation by railroad. Its authority over abandonment of rail lines is both exclusive and plenary. *Railroad Ventures, Inc. v. Surface Transp. Bd.,* 299 F.3d 523, 530 (6th Cir.2002); 49 C.F.R. § 1152.29(c)(1).

2. **Texas Rule of Civil Procedure 194.2(c), (d), and (f)(3):**

 194.2. Content
 A party may request disclosure of any or all of the following:

 * * *
 (d) the amount and any method of calculating economic damages;
 * * *
 (f) for any testifying expert:
 (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;....
 TEX.R. CIV. P. 194.2(c), (d), and (f)(3).

as of the date of the taking. Specifically, Teel testified that his calculation of the property's value was based on the assumption that the northern part of the Inter Nos property was "part of [an] *abandoned* railroad corridor" and was "owned in fee and [ ] unencumbered by any easements." (Emphasis added.) Teel further states that:

> [T]he subject property was previously part of a railroad corridor. The railroad company had an easement on the property. *It is our assumption the easement has been abandoned upon the sale of the corridor to METRO and Harris County. The site is being valued as an unencumbered parcel of land.*

(Emphasis added.) Teel's reports were not amended, and the County never supplemented its response to Inter Nos's request for disclosure under rule 194.2(d). Following these reports and discovery responses, Inter Nos filed the report of its appraisal expert, David Lewis, who also calculated the value of the property based on the assumption that the land was *not* encumbered by any easement.

Teel, the County's expert, was deposed three days before the trial, and he testified, for the first time, that, contrary to his expert reports, the County's theory of damages and calculation of the condemned property's value at trial would be based on the assumption that the easement *had not* been abandoned as of the date of the taking. Teel testified that, the day before his deposition was taken, he had been instructed by the County's counsel to make this new assumption. Teel further testified that the existence of the easement diminished the market value of the condemned property.

Three days later at the pretrial hearing, Inter Nos objected to the qualifications of Teel to testify as an expert in this case on the grounds that he used improper methodology to determine the condemned property's value, and the objection was sustained.[3] Inter Nos further objected to the admission of any evidence that Union Pacific had not abandoned the easement. Inter Nos argued that the exclusion of this evidence was warranted because the County failed to supplement its discovery responses and expert reports to put Inter Nos on notice that it was proceeding at trial with a theory and calculation of damages different from what was stated in its discovery responses. It further argued that the admission of this evidence would constitute unfair prejudice and surprise. The trial court sustained the objection, and the trial commenced.

During trial, the County attempted to admit into evidence three exhibits and the testimony of Teel as a "fact witness," which it argued established that the easement had not been abandoned as of the date of the taking. During Inter Nos's case in chief, the County also attempted to cross-examine Inter Nos's value expert, David Lewis, regarding whether the railroad easement had been abandoned as of the date of the taking. In response, Inter Nos renewed its previous objections to the admission of any evidence contradicting the County's theory and calculation of damages set forth in its discovery responses. The trial court sustained Inter Nos's objections.

At the close of the evidence, the jury determined that the market value of the property as of the date of taking was $517,636.00, an amount less than $577,880.00, the value of the property as appraised by David Lewis, Inter Nos's expert on value. The trial court ordered the

---

**3.** The County is not complaining on appeal that the trial court erred in disqualifying Teel from testifying as an expert witness in this case.

County to pay such amount to Inter Nos, plus pre-judgment and post-judgment interest. This appeal followed the trial court's final judgment.

### Standard of Review

 We apply an abuse of discretion standard to the question of whether a trial court erred in an evidentiary ruling. *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998). The admission or exclusion of evidence is a matter within the trial court's discretion. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). A trial court abuses its discretion when it rules without regard to any guiding rules or principles. *Malone,* 972 S.W.2d at 43. We must uphold the trial court's ruling if there is any legitimate basis for its ruling. *Id.*

### Evidence Regarding the Abandonment of the Easement

 The County asserts that the trial court abused its discretion by excluding from the jury's consideration any evidence that the easement had not been abandoned on the date of the taking. We disagree.

 In this case, the trial court's ruling was supported by rule 193.6 of the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 193.6. Rule 193.6(a) provides that "[a] party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed." *Id.* The purpose behind this rule is to prevent trial by ambush. *See Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 807 (Tex.1993) (applying former Rule 215(5)). Absent a showing of good cause, lack of unfair surprise, or lack of unfair prejudice, rule 193.6 mandates exclusion of the undisclosed material or information. *See Elliott v. Elliott,* 21 S.W.3d 913, 921 n. 7 (Tex.App.-Fort Worth

2000, pet. denied); *Nw. Nat. County Mut. Ins. Co. v. Rodriguez,* 18 S.W.3d 718, 722 n. 1 (Tex.App.-San Antonio, 2000, pet. denied). The party seeking to introduce the evidence has the burden of establishing good cause and lack of unfair surprise or prejudice. Tex.R. Civ. P. 193.6(b); *see Norfolk S. Ry. Co. v. Bailey,* 92 S.W.3d 577, 581 (Tex.App.-Austin 2002, no pet.).

 With regard to discovery, the good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances. *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 915 (Tex.1992) (explaining that counsel should not be excused from the requirements of the rule without a strict showing of good cause). However, the following factors, standing alone, do not constitute good cause: inadvertence of counsel, lack of surprise, or uniqueness of the excluded evidence. *Id.* "Failing to timely supplement discovery can lead to the exclusion of key evidence and effectively grant the opponent certain victory." *Kidd v. Paxton,* 1 S.W.3d 309, 312 n. 5 (Tex.App.-Amarillo 1999, pet. denied).

Rule 194.2(d) provides that a party may request disclosure of the amount and any method of calculating economic damages. Tex.R. Civ. P. 194.2(d). Comment 2 to the rule provides that subsection (d) is "intended to require disclosure of a party's basic assertions, whether in prosecution of claims or in defense." Tex.R. Civ. P. 194.2(d) cmt. 2. To illustrate the nature of the required disclosure, comment 2 notes, for example, that, in a claim for damages suffered in a car accident, plaintiff would be required to state how loss of past earnings and future earning capacity was calculated, and defendant "would be required to disclose ... any basis for contesting the damage calculations." *Id.*

In this case, the County failed to supplement its response to Inter Nos's request for disclosure under rule 194.2(d) to state that, contrary to the County's own expert reports, the County was contesting Inter Nos's assumption regarding the abandonment of the easement and would contend at trial that damages should be calculated based on evidence that the easement had not been abandoned on the date of the taking. It is also undisputed that the County did not inform Inter Nos that it was taking this position until just three days before the trial commenced. There was no evidence presented to the trial court establishing that the County had good cause for failing to supplement its discovery response or expert reports with this information. The County merely argued that it was unaware of the alleged incorrect assumption regarding the abandonment of the easement contained in its expert's reports until its expert was about to be deposed. The inadvertence of counsel does not constitute good cause. *See Alvarado*, 830 S.W.2d at 915.

There was evidence presented to the trial court that allowing evidence of a method of calculating damages that was contrary to the County's own expert reports on the very eve of trial would unfairly prejudice and surprise Inter Nos. There is evidence that Inter Nos had relied on the County's responses to designate its fact and expert witnesses and to prepare its own expert report on the value of the property based on the assumption that the easement had been abandoned. There is also evidence that it was reasonable for Inter Nos to have done so. One year before trial, the County filed its first expert report calculating the value of the property based on the assumption that the easement had been abandoned. Nevertheless, five months before trial, the County filed a motion for summary judgment seeking a legal conclusion that the easement had not been abandoned. After losing this motion, the County then filed another expert report which, like the first, calculated the value of the property based on the assumption that the easement had been abandoned. The County did not supplement its discovery to state that it was adopting any new calculation of damages. Under these circumstances, the trial court did not abuse its discretion in excluding any evidence regarding the abandonment of the easement.

## Limitation on Cross–Examination of Lewis

The County also contends that the trial court erred in preventing it from cross examining Lewis on whether the easement had been abandoned and the effect of the easement on the valuation of the condemned property. The County argues that the trial court's ruling was an improper limitation on its right to cross-examine witnesses and constituted an abuse of discretion. We disagree.

The County's reliance upon the right of cross-examination to admit evidence that the easement was not abandoned and present its own theory and calculation of damages through Lewis is misplaced. The right of cross-examination is neither absolute nor unlimited. The trial court has broad discretion about the extent of cross-examination allowed. *Texas Employers' Ins. Ass'n v. Garza*, 557 S.W.2d 843, 845 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.). Cross-examination may be permitted regarding "any matter *relevant* to any issue in the case," and "[e]vidence which is *not relevant* is inadmissible." Tex.R. Evid. 611(b); Tex.R. Evid. 402 (emphasis added).

In this case, cross-examination regarding whether the easement had not been abandoned and the County's newly-pro-

posed method of calculating damages was not relevant to any issue in this case because, as discussed above, the trial court correctly excluded this evidence from the trial under rule 193.6. Furthermore, the County cites no authority, and we have found none, for the proposition that it should be permitted to introduce evidence through cross-examination that it has been barred from introducing through direct testimony under rule 193.6.

The County relies on the holding in *National Family Care Life Ins. v. Fletcher*, 57 S.W.3d 662 (Tex.App.-Beaumont 2001, pet. denied) to support its argument that it should have been allowed to cross-examine Lewis on these issues. This reliance is also misplaced. That case is factually distinguishable from the case at bar. In *Fletcher*, the court found that the trial court *had erred* in excluding the evidence under rule 193.6 and, therefore, the evidence was relevant, and it was reversible error for the trial court to bar the cross-examination of witnesses regarding this evidence and circumstances surrounding the evidence. *Fletcher*, 57 S.W.3d at 671. However, here, the trial court did not err in excluding, under rule 193.6, the evidence that the County sought to introduce through the cross-examination of Lewis and, therefore, the evidence was not relevant to this case.[4]

Accordingly, we hold that the trial court did not abuse its discretion by limiting the County's cross-examination of Inter Nos's expert witness, David Lewis.

**Conclusion**

We conclude that the trial court did not abuse its discretion by excluding evidence of the non-abandonment of the railroad easement and by preventing the cross-examination of Inter Nos's expert witness regarding this issue. We affirm the judgment of the trial court.

---

4. To the extent that the County also complains that the trial court erred in preventing it from cross-examining Lewis regarding Bill Exhibit 17, an appraisal report he did for another party almost 10 years before the condemnation of the property at issue, we overrule this point of error. The trial court did not abuse its discretion in finding that the County failed to show good cause for not timely disclosing this exhibit in response to Inter Nos's discovery requests. The mere inadvertence of the County's counsel in discovering that this document might be important to their calculation of damages until the eve trial, is not good cause. *See Alvarado*, 830 S.W.2d at 915.