**Opinion issued June 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00318-CV

———————————

**ANTHONY AMUDO, Appellant**

**V.**

**CHRISTIANA AMUDO, Appellee**

---

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-58679**

---

## MEMORANDUM OPINION

Appellant, Anthony Amudo, challenges the trial court's order denying his motion to modify child support. In six issues, Anthony contends that the trial court erred in excluding evidence as a discovery sanction, not granting a continuance, and not filing findings of fact and conclusions of law.

We affirm.

## Background

In 2011, the trial court signed a final decree, granting Anthony and his wife, Christiana Amudo, a divorce and awarding Christiana primary conservatorship of their three children. In the decree, the trial court ordered that Anthony pay monthly child support of $2,250.00 and that he provide the children with health insurance.

On December 31, 2015, Anthony filed a "Petition to Modify [the] Parent-Child Relationship," requesting that the trial court decrease his monthly child-support and health-insurance obligations because his circumstances had materially and substantially changed since the date of the decree. Christiana filed an answer, generally denying the allegations.

In March 2016, the Office of the Attorney General for the State of Texas ("OAG") intervened in the suit and served Anthony with a request for production of several documents, including his federal tax returns for the preceding two years, documentation of income, accounts, and available health insurance.

In June 2016, Anthony sent discovery requests to Christiana, who was pro se. When the parties appeared for trial on August 16, 2016, however, Christiana's newly retained counsel requested a continuance. The trial court granted a continuance, reset trial for October 10, 2016, ordered that Anthony send to Christiana's new

2

counsel a copy of his outstanding discovery requests, and that Christiana respond within 30 days.

On August 30, 2016, Christiana filed a certificate of written discovery, stating that she had served Anthony with a set of interrogatories, requests for production, and requests for disclosure.

On or about September 29, 2016, Anthony responded to each of Christiana's discovery requests with an objection that the request was untimely because it had been served on him too close to the October 10, 2016 trial.

On October 10, 2016, trial was reset to January 24, 2017. Trial was later held on March 24, 2017.

At the beginning of trial, Christiana moved for a directed verdict and asked the trial court to dismiss the case, asserting that, although Anthony had, on September 29, 2016, served her with a response to her discovery requests, his "only answer" to all of her questions and requests was a "blanket objection" as follows: "Objection is made to this interrogatory because it was served on Petitioner less than 30 days before the end of the discovery period, Texas Rules of Civil Procedure 197.1." Christiana complained that, after the October 10, 2016 trial was reset:

> [Anthony] never amended [his] responses except to send a—on the 14th of February [2017] . . . what purports to be a 2016 tax return. [He] did not respond to any of the bank statements. This is a gentleman who claims to be self-employed. No bank statements were provided. Those were specifically requested. None of the information about accounts, none of the information about who he works for, absolutely

3

nothing. And I do have a copy of . . . [his] original responses as well as [his] supplemental responses if the Court needs to see those.[1]

Additionally, the local rules require that ten days prior to any trial involving child support, a party must file and serve upon the other side a financial information statement, which would contain the last two years' tax returns as well as the most recent pay stubs. That was not done by [Anthony] or [his counsel].

Anthony responded that his objection, i.e., that Christiana's discovery requests were untimely because she sent them too close to the October 10, 2016 trial setting, was "proper at the time [it was] made." He asserted that Christiana had waived any complaint about his objection because, after trial was reset, she "never re-served [him] with discovery," "never filed a motion to compel," and "never asked [him] to waive [his] objections." He also asserted that, on January 28, 2017, he had sent to Christiana, via e-service and email, a copy of his responses to the AG's discovery requests. And, he later supplemented his responses to the OAG with his 2016 tax return, which he also sent to Christiana.

The trial court ruled that it would "exclude any documents that should have been produced that were not produced and [any testimony regarding] the information that would have been included in documents that should have been produced that were not produced" in response to Christiana's discovery requests. The trial court noted that the Texas Rules of Civil Procedure 193.5 and 193.6[2] "specifically say

---

1     There is not a copy of Anthony's responses in the record before us.

2     *See* TEX. R. CIV. P. 193.5, 193.6.

4

[that] if a party discovers an objection—although proper [when] made—is no longer proper or complete, they have to supplement or amend their response," and that its ruling included that Anthony "should have supplemented [his] responses" to Christiana's discovery requests after the October trial date was reset. Thus, the trial court excluded the portions of Anthony's evidence and testimony that would have been responsive to such discovery requests.[3] Anthony argued that the trial court "should find good cause for the failure to supplement or amend" his discovery responses because Christiana did not respond to his discovery requests.[4] The trial

---

[3] Rule 193.6 provides, in pertinent part, as follows:

(a) *Exclusion of Evidence and Exceptions*. A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) *Burden of Establishing Exception*. The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

TEX. R. CIV. P. 193.6. Unless one of its exceptions apply, this exclusionary rule is mandatory and automatic, and does not require a motion to compel or pretrial ruling to trigger its application. *See id.*; *Santana v. Santana*, No. 02-15-00140-CV, 2016 WL 278781, at *2 (Tex. App.—Fort Worth Jan. 21, 2016, no pet.) (mem. op.).

[4] *See* TEX. R. CIV. P. 193.6(a).

5

court declined to find good cause. The trial court also noted that the local rules[5] require that, in any suit in which child support is in issue, the parties provide to one another a financial information statement ("FIS"). Anthony conceded that he had not provided an FIS to Christiana.

Anthony testified at trial regarding his education and credentials in the oil and gas industry and the nature of his employment and salary in 2011, when the original decree was signed, through 2013. He also discussed his business, "J-Drill," and his its income through 2013. When Anthony attempted to testify regarding his change in circumstances, i.e., his employment, income, and resources at the time of his petition for modification in 2015, and thereafter, Christiana objected on the ground that his testimony would have been responsive to certain of her interrogatories or to the information she requested in certain of her requests for production. The trial court sustained her objections. Anthony asserted that, in January 2017, in response to the AG's discovery requests, he had e-mailed "all of" his tax returns to Christiana. The trial court directed the parties, while in the courtroom, to "pull up the e-mail and see if that data [i.e., Anthony's tax returns] [were] included in the e-mail." After the parties were unable to locate the email, the trial court ruled that it would exclude any testimony by Anthony concerning his employment and income after January 1, 2014. The trial court asked Anthony if he had any other evidence to prove a material

---

[5]     *See* HARRIS CTY. FAM. TRIAL DIV. LOC. R. 4.4.

and substantial change of circumstances to support his petition to modify the decree. After Anthony responded that he did not, Christiana re-urged her motion for a directed verdict, which the trial court granted. The trial court then signed an order denying Anthony's motion to modify the decree.

Subsequently, Anthony filed a request for findings of fact and conclusions of law and a notice of past due findings and conclusions. The trial court declined to make the requested findings and conclusions, explaining by letter to the parties that it had determined that such were neither necessary nor appropriate.

## Findings of Fact and Conclusions of Law

In his sixth issue, Anthony argues that the trial court erred in not filing findings of fact and conclusions of law because they were timely requested. He asserts that such failure constituted harmful error because he "demonstrated that he could have been entitled to the relief he sought."

In a case tried without a jury, a party may ask the trial court to file written findings of fact and conclusions of law. TEX. R. CIV. P. 296. The trial court shall file its findings within twenty days after the filing of a timely request. TEX. R. CIV. P. 297. If the trial court fails to do so, the requesting party shall, within thirty days after filing the original request, file with the clerk a notice of past due findings. *Id.* Once this notice is filed, the time for filing findings is extended to forty days from the date of the original request. *Id.*

7

"[A] trial court must file written findings of fact and conclusions of law when timely requested by a party." *Baltzer v. Medina*, 240 S.W.3d 469, 473 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A failure to do so constitutes error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). Error is harmful if it prevents the appellant from properly presenting a case to the appellate court. *Id.* "The controlling issue is whether the circumstances of the particular case would require an appellant to guess at the reasons for the trial court's decision." *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Here, even were we to conclude that the trial court erred in not filing findings of fact and conclusions of law, such error was harmless because it did not leave Anthony to guess the basis for its ruling and did not prevent him from making a proper presentation of his case to this Court. *See Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014). Because a complete reporter's record was filed, in which the trial court's rulings are extensively detailed, Anthony was able to fully brief, and we were able to fully review, the issues he presented. He does not identify any issue that he was unable to brief as a result of any failure by the trial court to make findings of fact and conclusions of law. *See Watts v. Oliver*, 396 S.W.3d 124, 131 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

8

We overrule Anthony's sixth issue.

## Exclusion of Evidence

In his first, second, third, and fifth issues, Anthony argues that the trial court erred in excluding his evidence and testimony of his change in circumstances,[6] to support his 2015 petition for modification, because he timely objected to Christiana's discovery requests and Christiana did not file a motion to compel or obtain a pretrial ruling on his objections. He also argues that the trial court erred in excluding his evidence under Texas Rule of Civil Procedure 193.6 because he met his burden to show good cause and a lack of unfair surprise. He further argues that, because the modification of child support was the only issue in this case, the exclusion of his evidence to support his change in financial circumstances was "unjust," essentially adjudicated the modification issue, and constituted an improper "death penalty sanction."

---

[6] To prevail on his suit to modify child support, Anthony, as the party seeking a modification, had the burden to show that the circumstances of the children or a person affected by the order had materially and substantially changed since, as applicable here, the date of rendition of the decree. *See* TEX. FAM. CODE ANN. § 156.401(a)(1)(A)(West Supp. 2017). In determining whether there has been a material and substantial change in circumstances, the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought. *London v. London*, 192 S.W.3d 6, 15 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The record must contain both historical and current evidence of the relevant person's financial circumstances. *Id*. Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. *Id*.

We review a trial court's decision to exclude evidence for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Harris Cty. v. Inter Nos, Ltd.*, 199 S.W.3d 363, 367 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A trial court abuses its discretion if it rules without regard to any guiding rules or principles. *Malone*, 972 S.W.2d at 43. We will uphold the trial court's evidentiary ruling if any legitimate ground supports the ruling, even if the ground was not raised in the trial court. *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). We will not reverse an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or prevented a proper presentation of the appeal. *See* Tex. R. App. P. 44.1(a); *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 474 (Tex. 1998).

To preserve error concerning an exclusion of evidence, the complaining party "must actually offer the evidence and secure an adverse ruling from the [trial] court." *Akukoro v. Akukoro*, No. 01-12-01072-CV, 2013 WL 6729661, at *6 (Tex. App.—Houston [1st Dist.] Dec. 19, 2013, no pet.) (mem. op.); *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Although the reviewing court may sometimes be able to discern from the record the general nature of the evidence and the propriety of the trial court's ruling, it cannot, without an offer of proof, determine whether exclusion of the evidence was harmful.

*Fletcher*, 57 S.W.3d at 606; *see also In re M.G.N.*, 491 S.W.3d 386, 399 (Tex. App.—San Antonio 2016, pet. denied) ("Without an offer of proof, an appellate court cannot make a determination whether the trial court committed reversible error."); *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 374 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that, in absence of offer of proof, court has no basis to review contention that trial court reversibly erred by excluding documents and testimony). Thus, when a trial court excludes evidence, the proponent must preserve the evidence in the record in order to complain of its exclusion on appeal. *Fletcher*, 57 S.W.3d at 606; *see also* TEX. R. EVID. 103(a), (b). If a party does not make an offer of proof, it must introduce the excluded evidence into the record by a formal bill of exception. *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 494–95 (Tex. App.—Fort Worth 1999, pet. denied); *see also* TEX. R. APP. P. 33.2. Failure to demonstrate the substance of the excluded evidence or testimony through an offer of proof or bill of exception results in a waiver of any error in its exclusion. *Akukoro*, 2013 WL 6729661, at *6; *Sw. Country Enters.*, 991 S.W.2d at 494.

Here, when the trial court excluded Anthony's "documents" and his testimony related to the content of those documents, Anthony did not make an offer of proof or file a bill of exception. Nor does the record contain Christiana's discovery requests, the OAG's discovery requests, or Anthony's responses. Thus, we hold

11

that Anthony did not preserve for review his complaint based on the trial court's exclusion of evidence and testimony. *See* T<small>EX</small>. R. A<small>PP</small>. P. 33.2; T<small>EX</small>. R. E<small>VID</small>. 103(a)(2); *Akukoro*, 2013 WL 6729661, at *6 (holding that error was not preserved because party did not make offer of proof or bill of exception regarding excluded evidence); *Hasselbalch v. Hasselbalch*, No. 01-99-01239-CV, 2002 WL 188826, at *2 (Tex. App.—Houston [1st Dist.] Feb. 7, 2002, no pet.) (holding that error not preserved because party "made no attempt to secure an offer of proof or present a bill of exception memorializing the substance of [the] excluded testimony").

Anthony complains that, because the modification of child support was the only issue in this case, the trial court's exclusion of his evidence of his change in financial circumstances was "unjust," essentially adjudicated the modification issue, and constituted an improper death penalty sanction subject to a *TransAmerican* analysis. *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (holding that discretionary sanctions imposed for discovery abuses must be just, no more severe than necessary to satisfy legitimate purposes, and directed against the abuse and toward remedying the prejudice caused to the innocent party).

The exclusion of evidence under Rule 193.6, as here, "is a matter of admissibility rather than a sanction for discovery abuse." *In re J.A.M., Jr.*, No. 04-11-00165-CV, 2012 WL 1648215, at *5 (Tex. App.—San Antonio May 9, 2012, pet. denied) (mem. op.). Because the exclusion of evidence under 193.6 is automatic and

12

is not discretionary, the trial court's imposition of the automatic exclusions mandated by rule 193.6 is not a death-penalty sanction and is not subject to review under a *TransAmerican* analysis.[7] *Santana v. Santana*, No. 02-15-00140-CV, 2016 WL 278781, at *2 n.4 (Tex. App.—Fort Worth Jan. 21, 2016, no pet.) (mem. op.) (holding that Rule 193.6(a) exclusion of evidence is mandatory and automatic, and no motion to compel or pretrial ruling is required); *White v. Perez*, No. 2-09-251-CV, 2010 WL 87469, at *1–2 (Tex. App.—Fort Worth Jan. 7, 2010, pet. denied) (mem. op.); *Didur–Jones v. Family Dollar Inc.*, No. 02-09-00069-CV, 2009 WL 3937477, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, pet. denied) (mem. op.) (holding that "the cautionary factors" set out in *TransAmerican* apply to discretionary sanctions, not to automatic exclusions under Rule 193.6).

We overrule Anthony's first, second, third, and fifth issues.

---

[7] Similarly, with regard to Anthony's complaint that the trial court erred in imposing "exclusion sanctions" because Christiana, "[b]y failing to seek a ruling on the discovery issues, . . . waived her right to the discovery sought, and to any sanctions related to discovery up to and including the exclusion of evidence," citing *McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 75 (Tex. 1989); *In re City of Hous.*, 418 S.W.3d 388, 394 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *Lewis v. W. Waste Indus.*, 950 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1997, no writ), none of these cases are based on the mandatory, automatic exclusion of evidence under Rule of Civil Procedure 193.6. *See* TEX. R. CIV. P. 193.6. Further, *McKinney* and *Lewis* pre-date the rule. *See id.* (enacted Aug. 5, 1998).

**Continuance**

In his fourth issue, Anthony argues that the trial court erred in not granting his request for a continuance to allow him to amend or supplement his discovery responses. *See* TEX. R. CIV. P. 193.6(c).

Even if a party does not carry his burden of establishing an exception to the automatic exclusion in Rule 193.6, the trial court may grant that party's request for a continuance and temporarily postpone the trial to allow a response to be amended or supplemented and to allow opposing parties to conduct discovery regarding any new information presented by that response. TEX. R. CIV. P. 193.6(c); *Santana*, 2016 WL 278781, at *1. We review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

Here, we note that Anthony, during trial, presented an oral motion for continuance, without a supporting affidavit. *See* TEX. R. CIV. P. 251 (providing that continuance may be granted only for "sufficient cause supported by affidavit," by consent of the parties, or by operation of law). Notwithstanding, however, in his brief, he complains that the trial court "did not rule on the request." To present a complaint for appellate review the record must show that a complaint was communicated to the trial court by a timely motion, request, or objection, complying with the requirements of the rules of civil procedure, and that the trial court ruled on

the request, objection, or motion, either expressly or implicitly, or refused to rule and the complaining party objected to the refusal. *See* TEX. R. APP. P. 33.1(a). Without a ruling from the trial court on his request for a continuance, we hold that Anthony has not preserved his complaint for review and has thus waived the issue. *See id.*

## Conclusion

We affirm the judgment of the trial court.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.